**MARYLAND DEPARTMENT OF HUMAN RESOURCES, Ruth W. Massinga, Secretary, Plaintiffs–Appellants,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Otis R. Bowen, Secretary, Defendants–Appellees.**

No. 87–1731.

United States Court of Appeals, Fourth Circuit.

Argued April 8, 1988.

Decided Aug. 16, 1988.

**41**

Nancy Backer Shuger, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Donna R. Heller, Asst. Atty. Gen., Baltimore, Md., on brief), for plaintiffs-appellants.

Constance Ann Wynn (Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., John F. Cordes, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., on brief), for defendants-appellees.

Before WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.

PER CURIAM:

The Maryland Department of Human Resources and its secretary, (Maryland), the parties charged with the authority to dispense federal and state funds for social services to ameliorate poverty, sued the United States Department of Health and Human Services and its secretary to require HHS to cease "withholding" from Maryland federal funds which represent the federal government's share of the cost of these services. The district court dismissed the complaint, ruling that Maryland lacked standing to bring suit.

Maryland appeals, and we affirm the order of dismissal, albeit for a reason different from that assigned by the district court.

I.

Congress has appropriated federal funds under the Social Services Block Grant Act of 1981 (the Act), 42 U.S.C. §§ 1397 *et seq.,* for payments to the states of the annual allotment of federal participation in various social services programs. HHS currently pays the states' annual allotment of Block Grant funds in quarterly installments.

Maryland seeks to have HHS pay Maryland's *total* annual allotment at or near the beginning of the fiscal year so that Maryland may conserve its own funds and earn interest thereon until its annual federal allotment is exhausted.

The district court dismissed the complaint ruling that Maryland lacked standing to sue. It concluded that Maryland had neither alleged nor demonstrated from supplemental affidavits supplied by Maryland an injury in fact. Accepting Maryland's argument that it was losing interest income as well as budget flexibility by the manner in which HHS disbursed Maryland's allotment of federal funds, it pointed out that Maryland's participation in the social programs financed in part under the Social Services Block Grant Act was voluntary, and thus Maryland was the author of its own alleged injury. As a second ground for decision, the district court adverted to the factors that we think dispositive, saying that "Congress had expressed its intention to implement a policy of quarterly disbursements to ensure continuous coverage throughout the year," that Maryland is receiving its full annual allotment during the course of the full year, and that there does not appear any basis on which to disturb this policy.

II.

We think that, even if it has standing to sue, Maryland cannot prevail as a matter of law on the merits, and we therefore decide this appeal on that basis. We see no need to remand since we decide only an issue of law.

The Act recites that it was enacted "[f]or the purposes of consolidating Federal as-

sistance to States for social services into a single grant, increasing State flexibility in using social service grants, and encouraging each State, as far as practicable under the conditions in that State, to furnish" social services. § 1397. It authorizes the "payment" of an annual allotment to be used for social services, such as child care services, employment services, family planning services, etc., § 1397a(a)(2)(A). By the provisions of § 1397a(b), the Secretary of HHS is required to "make payments in accordance with section 6503(a) of Title 31 to each State from its allotment for use under this subchapter." In turn, to the extent pertinent here, 31 U.S.C. § 6503(a) provides that "[c]onsistent with program purposes and regulations of the Secretary of the Treasury, the head of an executive agency carrying out a grant program shall schedule the transfer of grant money to minimize the time elapsing between transfer of the money from the Treasury and the disbursement by a State, whether disbursement occurs before or after the transfer."

The Secretary of HHS, while under a statutory duty to schedule the transfer of grant money to minimize the lapse of time between transfer and expenditure, is also obliged to comply with the applicable provisions of the Antideficiency Act, 31 U.S.C. § 1512(a), which provides that "an appropriation available for obligation for a definite period shall be apportioned to prevent obligation or expenditure at a rate that would indicate a necessity for a deficiency or supplemental appropriation for the period." Section 1512(b) of that Act further provides that apportionment may be made by "months, calendar quarters, operating seasons, or other time periods," as shall be determined by the "official designated in section 1513 of this title to make apportionments." That official is presently the Director of the Office of Management and Budget.* The authority of the Director of OMB to make apportionments is recognized in the regulations of HHS. *See* 45 C.F.R. § 96.11. It does not appear from the record that there is any dispute about the fact that OMB has exercised the authority vested in it by § 1512(b) on a quarterly basis. *See* Instructions on Budget Execution, Circular No. A–34, Executive Office of the President, Office of Management and Budget (July 1976), Part IV §§ 41.1 and 42.3.

Thus, as we view the case, the Secretary of HHS, in paying Maryland on a quarterly basis, is acting only as required by an Act of Congress vesting the decision as to the frequency of payments in an executive officer who has determined that payments shall be apportioned and paid on a quarterly basis. The direction to do what is being done stems from Congress and the administrative decision of the Executive branch of government to which Congress has delegated the authority to decide. We reject Maryland's argument that further compliance with the Administrative Procedures Act is required. We can only conclude that, as a matter of law, Maryland cannot prevail in this lawsuit.

AFFIRMED.

---

* Congress initially conferred apportionment authority on the Executive Branch, without specifying which official should exercise that authority. Revised Statutes § 3679, Act of March 3, 1905, ch. 1484, § 4, 33 Stat. 1257. In 1933 the President transferred "[t]he functions of making, waiving, and modifying apportionments of appropriations" to the Director of the Bureau of the Budget. Exec.Order No. 6166, 5 U.S.C. 901 note, § 16. Based on this executive order, Congress, in a 1950 amendment to the apportionment statute, designated the Director of the Bureau of the Budget as the official to make appor-

tionments. Act of September 6, 1950, ch. 896, ch. XII, § 1211, 64 Stat. 765. Under Reorganization Plan No. 2 of 1970, 35 Fed.Reg. 7959 (1970), which became effective on July 1, 1970, 84 Stat. 2085, all functions vested by law in the Director of the Bureau of the Budget were transferred to the President. However, the same day that Reorganization Plan No. 2 became effective, the President delegated these functions to the Director of the Office of Management and Budget. Exec.Order No. 11,541, 35 Fed.Reg. 10737 (1970).